EMILY TROUT, PROSECUTOR, v. WILLIAM C. PAUL, RESPONDENT.

Submitted December 7, 1916—Decided February 21, 1917.

The Orphans' Court has no jurisdiction to make an order for discovery of assets, upon the petition of an executor of a non-resident decedent, when letters testamentary have not been issued out of such court.

On *certiorari* to the Middlesex Orphans' Court.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Thomas Brown.*

For the defendant, *James S. Wight.*

The opinion of the court was delivered by

SWAYZE, J. William C. Paul is executor of Nettie Ray Paul, who died a resident of Pennsylvania. Letters testamentary were issued in Philadelphia, and an exemplified copy of the will and letters testamentary were filed with the register of the Prerogative Court. The executor thereupon petitioned the Middlesex Orphans' Court for an order requiring Emily Trout to appear and make discovery as to her possession or knowledge of the whereabouts or existence of any personal property of the decedent, and to produce the books, papers, securities and other personal property belonging to the estate. The petition also prayed that Trout be personally examined on the matter. The petitioner alleges, as the act of 1909 requires, his belief that Trout has in her possession property of the decedent. An order was made in accordance with the petition, and is brought here for review by *certiorari.* If the Orphans' Court had jurisdiction, *certiorari* is not the proper remedy. *Const., art.* 6, § 4, ¶ 3. Since the Orphans' Court is a statutory court, the question must be solved by looking at the powers conferred by the statute. The only statute relied on or applicable is that of 1909. *Comp. Stat., p.* 3866, *pl.* 139a. This gives jurisdiction only when the application is made to the Orphans' Court of the county in which letters testamentary or of administration were issued. No letters are averred or shown to have been issued in Middlesex county, and the Orphans' Court of that county had no jurisdiction. The filing of an exemplified copy of the will and letters testamentary with the register of the Prerogative Court is of no importance in the present case. The most that could accomplish would be to authorize the foreign executor to prosecute in courts of New Jersey having jurisdiction of the subject-matter; it cannot confer jurisdiction where none exists.

The order must be set aside, with costs.